UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

―――――――――

No. 96-2576

―――――――――

Donald Greathouse,

Petitioner,

versus

Newport News Shipbuilding and Dry Dock Company, et al,

Respondents.

―――――――――

O R D E R

―――――――――

The court amends its opinion filed June 5, 1998, as follows:

On page 4, second full paragraph, line 10 -- the word "intention" is corrected to read "intent."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD GREATHOUSE,
Petitioner,

v.

NEWPORT NEWS SHIPBUILDING AND

No. 96-2576

DRY DOCK COMPANY; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(94-260)

Argued: April 8, 1998

Decided: June 5, 1998

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and
CHAMBERS, United States District Judge for the Southern District
of West Virginia, sitting by designation.

_____

Petition for review denied and order of the Board affirmed by pub-
lished opinion. Judge Niemeyer wrote the opinion, in which Chief
Judge Wilkinson and Judge Chambers joined.

_____

**COUNSEL**

**ARGUED:** John Harlow Klein, RUTTER & MONTAGNA, L.L.P.,
Norfolk, Virginia, for Petitioner. Lawrence Philip Postol, SEY-

FARTH, SHAW, FAIRWEATHER & GERALDSON, Washington, D.C., for Respondents.

_____

**OPINION**

NIEMEYER, Circuit Judge:

On November 4, 1991, Donald V. Greathouse, an employee of Newport News Shipbuilding and Dry Dock Company ("Newport News Shipbuilding"), filed a claim under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 922, for <u>additional</u> workers' compensation benefits (beyond those awarded him in 1981) by reason of a 1978 work-related injury. Following the 1978 injury and a stipulation between Greathouse and Newport News Shipbuilding, a consensual award of compensation was entered on October 5, 1981, and Newport News Shipbuilding made its last payment on this award on October 1, 1987. Because Greathouse's claim for additional compensation benefits was filed more than four years after the final payment on the original award was made, the Administrative Law Judge ("ALJ") denied benefits based on the one-year statute of limitations contained in 33 U.S.C. § 922. The Benefits Review Board affirmed by operation of law, and now we too affirm.

I

On August 26, 1978, Greathouse injured his left leg while working on a valve at Newport News Shipbuilding. Following Greathouse's claim for workers' compensation benefits under the Longshore Act, Greathouse and Newport News Shipbuilding stipulated that Greathouse had been temporarily totally disabled by the injury, and that, as a result of his injury, he had experienced a permanent 10% disability of his leg. At the time of these stipulations, Greathouse knew that his injury "would require surgery every few years to remove scar tissue that would build up as a result of [the] injury." In accordance with the stipulation, the Deputy Commissioner of the Office of Workers' Compensation Programs entered a compensation order on October 5, 1981.

2

Greathouse's disability became worse over time, and in 1984 and 1987, Newport News Shipbuilding voluntarily paid for periods of temporary total disability. As well, it paid an additional 10% permanent partial disability over and beyond Greathouse's original 10% disability. Newport News Shipbuilding made its last compensation payment to Greathouse under the 1981 award on October 1, 1987.

Several months later, on February 2, 1988, the Department of Labor advised Greathouse that his right to claim additional compensation would be barred if he did not file a claim before October 1, 1988. Greathouse filed no claim at that time.

On August 29, 1991, Greathouse had further surgery on his leg, and shortly thereafter his doctor upgraded the extent of his permanent disability to 30%. Accordingly, on November 4, 1991, over four years after payment was last made on his original award of compensation, Greathouse filed a claim for additional compensation based on the continuing effects of his original injury. In response to an opposition filed with the ALJ by Newport News Shipbuilding that the claim was untimely, Greathouse noted that during the one-year period after the last payment of compensation on the original award was made, Newport News Shipbuilding doctors submitted status reports to the Office of Workers' Compensation Programs ("OWCP") about his condition. Greathouse contended that one of these reports constituted a timely claim. This report, written on September 23, 1987, and received at OWCP shortly thereafter, stated:

> Mr. Greathouse is do[ ]ing well. He is going to return to work on 9/28/87 and I will check him again in 1 month. I would expect that he will have an increase in his disability to 20% as a result of developing arthritis.

Greathouse argued to the ALJ that this report constituted a claim and that since it was submitted within the one-year period, it tolled the statutory period in 33 U.S.C. § 922. The ALJ found that the doctor's report was not a claim and therefore that Greathouse's later claim filed on November 4, 1991, was untimely. Because the Benefits Review Board failed to act on the appeal within a year, the ALJ's judgment became final. See Pub. L. No. 104-134, 110 Stat. 1321-219 (1996).

3

II

It is undisputed that the statutory deadline for Greathouse's request for modification of his original award was October 1, 1988, one year after the last payment of compensation was made to him under the original award. Under 33 U.S.C. § 922, review of an existing compensation order may be conducted on the Deputy Commissioner's own initiative or "upon the application of any party in interest," and this review must be initiated "prior to one year after the date of the last payment of compensation." 33 U.S.C. § 922. Since the Deputy Commissioner did not act on his own initiative, Greathouse was required to file a claim within the one year following the October 1, 1987 payment to toll the limitations. He did so only if the doctor's report of September 23, 1987, amounted to a claim.

Because the Longshore Act "must be liberally construed in conformance with its purpose," Northeast Marine Terminal Co. v. Caputo, 432 U.S. 249, 268 (1977), we have held that an application or claim under § 922 need not be formal. It "need only be sufficient to trigger review before the one-year limitations period expires." I.T.O. Corp. v. Pettus, 73 F.3d 523, 526 (4th Cir. 1996). But "while a claimant's application for modification need not meet any particular form, there must be some basis for a reasonable person to conclude that a modification request has been made." Id. at 527. In this regard, a § 922 application must manifest an actual intent to seek compensation for a particular loss, and filings anticipating future losses are not sufficient to initiate § 922 review. Id.

Greathouse argues that the Newport News Shipbuilding doctor's report about his changing condition, which was filed within the one year after his last payment of compensation was made, constituted a claim satisfying the liberal standards of § 922. The resolution of this case thus depends on whether this doctor's report made on September 23, 1987, was in fact a claim for additional compensation.

The doctor's report on which Greathouse relies stated that Greathouse was doing well and would be returning to work. It also announced that the doctor would check Greathouse again in another month. Finally it concluded, "I would expect that[Greathouse] will have an increase in his disability to 20% as a result of developing

4

arthritis." We do not believe that this language effectively manifests an intent by Greathouse that he was making a claim for additional compensation.

First, the doctor's comment does not facially indicate Greathouse's intent to request a modification to the original order. Rather, it states simply the doctor's opinion that "I would expect that [Greathouse] will have an increase in his disability to 20% as a result of developing arthritis." Second, the report was submitted by Newport News Shipbuilding pursuant to a regulatory requirement to provide such reports, and not by Greathouse. Consequently, the report says nothing about Greathouse's intent to request modification. Third, the report states that the doctor expects Greathouse to develop a 20% disability in the future. Under Pettus, however, anticipatory filings cannot manifest the requisite intent. See 73 F.3d at 527. Finally, the report states that Greathouse's disability would probably increase to 20%. At the time of the report, however, Newport News Shipbuilding had already voluntarily paid Greathouse for a 20% disability. Therefore neither Newport News Shipbuilding nor the OWCP could have reasonably concluded that an official medical report confirming the 20% disability would indicate an intent by Greathouse to request further modification.

Because the doctor's report submitted by Newport News Shipbuilding does not manifest an actual intent by Greathouse to make a claim for modification of his original award, it cannot constitute a claim under § 922. Greathouse's November 4, 1991 claim was therefore untimely. For these reasons, Greathouse's petition for review is denied and the decision of the Benefits Review Board is affirmed.

IT IS SO ORDERED

5